The Chief Justice l-mg the guardian of certain infants against whom were actions, by the same plaintiflj and depending upon the same points, took no part and delivered no opinion.
Foro, Justice,
delivered the opinion of the court.
Sarah Coxe, widow of Daniel Coxe, dec. demands the third part of certain lands for dower of the endowment of her said iato husband; and her demand is opposed by a plea in abate-* snout setting out the following facts ; 1st. That the said Daniel Coxe, on the 3d day of July 1776, was a subject of the king of Great-Britain ; 2d. That afterwards in the year 1777, he withdrew from this state; 3d. Thai at the time of his decease, he resided under the jurisdiction of the King; 4th. That he never took the oath of allegiance to this state, or the United States, or eny of them, nor the oath of abjuration; Sib. Nor did he by any overt act exhibit himself as, or profess himself to be, a citizen of this state; 6th. But that he chose and elected to continue end remain a subject of the king of Great-Britain. To this plea í’iere is a general demurrer.
First If these facts amount to a plea that the husband was an alien, they shew matter of disability which is clearly pleadable in abatement, Com. Dig. Abatement, E. 4; 9 Mass. 363, Snell v. Lee.
Secondly. A demurrer admits all such facts, as are sufficiently ;jicadc.d, to be true. Bac. Ab. Pleas, N. 3; but is no admission ■¡i such as are not sufficiently pleaded. Now’, no facta whatever, will constitute a person an alien without an averment that he is o no. The court is required to infer frost the f«sete in the plear *330 that the husband was an alien when the plea itself does not call him so, but seems carefully-to avoid doing it. In this respect, it departs from the established form of pleading this defence. In proof of this, I shall simply refer to 2 Chitty 473, as'among the latest and best authors, and as one who never departs from Ras» tall, LÁtty and Wentworth, who preceded him in the collection of common law entries. The plea, according to him and all other authors, ought to commence with a direct averment that the person is an alien, and then that he was born out of the allegiance of the king or state, and within the allegiance of a foreign state. In Calvins case, 7 Rep. 16, b. the most usual and best mode of pleading, was adjudged to be both exclusive and inclusive extra ligeantiam regis et infra Ugeantiani alterius regis. Yet the two facts, that he was born [for example] out of the allegiance of the king of England and within the allegiance of another king, do not of themselves constitute him an alien, for he might still he a liege subject by act of parliament, therefore, the bar is incomplete, unless it avers him to be an alien. It was said in argument to be characteristic of a good plea, that it states all the facts and leaves the law arising on them to the court; the remark is a sound one; but here the court is required to infer, from the facts stated, another which is not stated, to wit, that he is an alien, before they can decide whether the writ is to he quashed or not ; that is, they are to add to the plea a very important fact and then declare the law arising on it. The reason given for omitting this important fact is the peculiar circumstances of the case, as if they were any more so than those in Calvin’s case, who was nevertheless averred to be an alien.
But alienism could not he inferred from the facts stated in the plea, supposing them all to be true. He was on the 3d of July 1776, a subject of the king of Great-Britain ; so was Hancock and Adams; so was General Washington and the band of patriots that composed his army, and must we gainsay their citizenship ■ and declare them aliens to their country ? Again, Daniel Coxe, in the year 1777, withdrew from this state ; so did also a great many other Americans take refuge with the British army and were called refugees; but they were declared by all our statutes to owe allegiance to the state ; they were declared to be citizens; were warned of their duty as citizens; and punished in their property as citizens; and we cannot, call them *331 aliens even at this day without Hying in the face of all our laws. But in the next place he died in England ; now, if an American citizen happens to die in Europe does that constitute him an alien, so that his wife cannot be endowed nor his children inherit his estate ? A citizen carries his allegiance with him to every part of the world, and though be may die abroad he does not become thereby an alien. Again, the plea says, that he never took the oath of allegiance to this state, or the United States, or any of them ; but does an omission of this duty destroy citizenship ? Then what multitudes of our citizens have become aliens and lost the power of transmitting their lands to their children. But he never professed himself to be a citizen; true; nor does aliegiance depend at all on so doing so. Lastly. The plea says, that lie elected to continue and remain a subject of the king. Now, our laws do not submit this matter to his choice ; they do not permit a man to lay aside his allegiance as be puts off a garment, otherwise he might appear in arms against his countiy without being guilty of treason. Thus no fact set forth in the plea authorises an inference that the husband was an alien. It is said not to appear that he was bora in the United States; but the court holds every suitor to be a citizen unless the contrary is shewn; if the place of birth was material to constitute him an alien, the party relying on alienism should have shewn it in the plea.
Perhaps an apology is due for saying as much as has been said on the manifest defects of this plea; and if so it must be found in the apparent sincerity, and strenuousness with which it was endeavored to be maintained at the bar.
Let the defendants answer over to the court